UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIEANN P., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br> Defendant. | Case No.: 22-cv-1316-DDL <br><br> **ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS** <br><br> [Dkt. No. 2] |

On September 2, 2022, Plaintiff filed a complaint against the Acting Commissioner of Social Security, seeking judicial review of the Commission's denial of disability benefits. Dkt. No. 1. On September 12, 2022, Plaintiff consented to the undersigned's jurisdiction. Dkt. No. 5. Presently before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (the "Application"). Dkt. No. 2. For the reasons stated below, the Application is **DENIED**. Pursuant to Civil Local Rule 3.2.d, however, the Court has assessed a partial filing fee.

This Court may "authorize the commencement . . . of any suit, action or proceeding, civil or criminal, without prepayment of fees or security therefor" by any person who demonstrates his or her inability to pay such fees. *See* 28 U.S.C. § 1915(a)(1). A party

need not be completely destitute to proceed *in forma pauperis*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), and "there is no formula set forth by statute, regulation or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). Rather, to discourage "litigants from abandoning 'what may be a meritorious claim in order to spare himself complete destitution,'" it is enough that a party demonstrate that he cannot both pay the filing costs "'and still be able to provide himself and his dependents with the necessities of life.'" *Wade v. Am. Fed'n of Govt. Emp.*, No. C 06-4751 MEJ, 2006 WL 3645610, at *1 (N.D. Cal. Dec. 12, 2006) (describing the "policy" supporting the *in forma pauperis* statute) (quoting *Adkins*, 335 U.S. at 339).

Having reviewed Plaintiff's Application, the Court finds she has failed to make the necessary showing. Plaintiff avers that she receives a monthly retirement income of $1,607.50, and spends a combined $1,010.00 per month on housing, utilities, food, clothing (including laundry expenses) and transportation. *See* Dkt. No. 2 at 2-4. The Court finds that the resulting $597.00 monthly surplus is sufficient to allow Plaintiff to pay a civil filing fee without depriving her of life's necessities.[1] *See Ford v. Midland Funding LLC*, No. 9-CV-2349 JLS (AGS), 2020 WL 1506221, at *2 (S.D. Cal. Mar. 30, 2020) (denying motion to proceed *in forma pauperis* where "it appear[ed] that [p]laintiff still would be able to afford the necessities of life if required to pay the filing fee"). The Court makes this finding despite the fact that Plaintiff has identified other assorted monthly expenses in the amount of $300.00, including expenses for gardening, pet care, cookware, entertainment, and charitable donations, because these expenses "are not considered by this [C]ourt as necessities of life for consideration in an *in forma pauperis* application." *Wade*, 2006 WL 3645610, at *1 (denying *in forma pauperis* application where plaintiff's income less

---

[1] The cost to file a civil complaint in this District is $402.00. The fee schedule is available on the Court's website (www.casd.uscourts.gov) under Clerk's Office > General Court Information > Fees of the U.S. District Courts.

essential expenses left "a balance of $655 a month" and declining to factor in nonessential expenses).

Notwithstanding the above findings, the Court recognizes that Plaintiff's income is only marginally above the federal poverty level for a two-person household.[2] This District's Civil Local Rules permit the Court, in its discretion, to "impose a partial filing fee which is less than the full filing fee that is required by law, but which is commensurate with the applicant's ability to pay." CivLR 3.2.d. The Court has carefully reviewed Plaintiff's Application and supporting affidavit, and determines that a filing fee of $200.00 is appropriate and commensurate with Plaintiff's ability to pay.

For the above reasons, Plaintiff's Application to Proceed *In Forma Pauperis* is **DENIED**. The Court hereby further **ORDERS** Plaintiff to pay a partial filing fee of $200.00 within 30 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: September 23, 2022

Hon. David D. Leshner
United States Magistrate Judge

---

[2] *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited September 23, 2022). Plaintiff represents that she lives with her adult son, who is dependent upon her. *See* Dkt. No. 2 at 3.